UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 14-6340-MWF(MANx)                          Date:  January 28, 2015
Title:     DispuiteSuite.com, LLC -v- Credit Umbrella Inc., et al.

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Cheryl Wynn | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):** ORDER TO SHOW CAUSE RE REQUEST FOR ENTRY OF DEFAULT [19]

On August 12, 2014, Plaintiff DispuiteSuite.com, LLC, commenced this action against Defendants Credit Umbrella Inc., Artashes Darbinyan, and Information Service Systems, LLC ("Defendants"), for among other things, copyright infringement, breach of contract, federal unfair competition, and federal trade dress infringement. (Docket No. 1). According to the Complaint, Defendant Information Service Systems Art LLC ("ISSA") "is a software development company with its principal place of business located in Russia, and an office at 2201 17th Street, San Francisco, California 94103." (*Id.* ¶ 13).

On September 6, 2014, Plaintiff mailed the Complaint and Summons to Defendant Information Service Systems, LLC ("ISSA") at Marksa Street 18/28 OF. 707, Omsk, Russia 644080. On December 12, 2014, Plaintiff filed a proof of service with the Court indicating that service had been effected on ISSA on October 3, 2014, as evidenced by a signed return receipt form. (Docket No. 14).

On December 16, 2014, Plaintiff requested that the clerk enter Defendant ISSA's default because it had failed to appear or respond to the Complaint. (Docket No. 19). The Clerk issued a Notice of Deficiency stating that Plaintiff's request for entry of ISSA's default had been forwarded to the assigned judge for consideration, because the clerk could not determine the sufficiency of service on a foreign corporation. (Docket No. 21).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 14-6340-MWF(MANx)                    Date:  January 28, 2015
Title:      DisputeSuite.com, LLC -v- Credit Umbrella Inc., et al.

The Court has reviewed the Request for Entry of Default, and it is not convinced that the proof of service in this matter is adequate to prove effective service of the summons and complaint.

Federal Rule of Civil Procedure 4(h)(2) states that a foreign corporation served outside the United States must be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under 4(f)(2)(C)(i)."  Under Rule 4(f), an individual may be served in a foreign country "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."  In the event "there is no internationally agreed means," an individual may be served in a foreign country "by a method that is reasonably calculated to give notice," including "as prescribed by the foreign country's law for service in that country in its courts of general jurisdiction," or "unless prohibited by the foreign country's law, by . . . using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt."  Fed. R. Civ. Proc. 4(f).  Additionally, service can be effected outside the United States "by other means not prohibited by international agreement, as the court orders."  *Id.*

Russia has objected to Article 10 of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, which permits service by mail.  *See* http://www.hcch.net/index_en.php?act=status.comment&csid=418&disp=resdn, (Hague Conference on Private International Law), last visited January 26, 2015.  Therefore, for service to be proper under Rule 4(f), Plaintiff must show that service by mail was not "prohibited by [Russian] law."  Plaintiff has not provided any evidence to the Court that Russia permits service by mail.

Accordingly, this Court **ORDERS** Plaintiff to show cause by **February 17, 2015**, that service by mail is proper under Russian law, consistent with the Federal Rules of Civil Procedure.

IT IS SO ORDERED.