UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   CV 14-6340-MWF (MANx)          Date:  June 2, 2015
Title:     DisputeSuite.com, LLC -v- Credit Umbrella Inc., et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

           Deputy Clerk:                          Court Reporter:
           Rita Sanchez                           Not Reported

           Attorneys Present for Plaintiff:      Attorneys Present for Defendant:
           None Present                           None Present

**Proceedings (In Chambers):**   ORDER RE REQUEST FOR ENTRY OF DEFAULT [19]

## I.   BACKGROUND

On August 12, 2014, Plaintiff DisputeSuite.com, LLC, commenced this action against Defendants Credit Umbrella Inc., Artashes Darbinyan, and Information Service Systems Art, LLC ("Defendants"), for among other things, copyright infringement, breach of contract, federal unfair competition, and federal trade dress infringement. (Docket No. 1).  According to the Complaint, Defendant Information Service Systems Art LLC ("ISSA") "is a software development company with its principal place of business located in Russia, and an office at 2201 17th Street, San Francisco, California 94103."  (*Id.* ¶ 13).

On December 12, 2014, Plaintiff filed a proof of service with the Court indicating that service was effected on ISSA at 18/28 Marksa St. Of. 707 in Omsk, Russia via registered or certified mail on October 3, 2014, as evidenced by a signed return receipt form.  (Docket No. 14).  Two additional proofs of service were later filed on February 13, 2015: one reflecting personal service on a man named "Slavik Bilyk, aka Vyacheslav Bilyk, aka Yaroslov Bilyk" in San Francisco (Docket No. 35), the other reflecting service via registered or certified mail on ISSA at 711, 8A Gladkova St. in Krasnoyarsk, Russia (evidenced by a signed return receipt form) (Docket No. 34).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 14-6340-MWF (MANx)    Date:  June 2, 2015
Title:     DisputeSuite.com, LLC -v- Credit Umbrella Inc., et al.

On December 16, 2014, Plaintiff requested that the Clerk enter Defendant ISSA's default because it had failed to appear or respond to the Complaint. (Docket No. 19). The Clerk issued a Notice of Deficiency stating that Plaintiff's request for entry of ISSA's default had been forwarded to the assigned judge for consideration because the Clerk could not determine the sufficiency of service on a foreign corporation. (Docket No. 21).

On January 28, 2015, the Court entered an Order to Show Cause re Request for Entry of Default (the "OSC") because it was not convinced that the proof of service that had been provided was adequate to prove effective service of the summons and complaint. (Docket No. 32). On February 13, 2015, Plaintiff filed a Response to Order to Show Cause Re: Request for Entry of Default (the "Response"). (Docket No. 36).

The Response argues "that service was properly effectuated in three ways: (1) by delivering the complaint and summons to [ISSA] by registered mail, pursuant to Rule 4(f)(3); (2) by personally delivering the complaint and summons on [ISSA]'s corporate representative in the United States, pursuant to Rule 4(f)(3); and (3) by delivering a copy of the complaint and summons on the general manager of [ISSA]'s San Francisco office, as provided by Rule 4(h)(1)(A), Rule 4(e)(1), and California Code of Civil Procedure section 416.10(b)." (Response at 2 (footnote omitted)).

On February 24, 2015, the Court entered an Order Approving Stipulation of Settlement and Conditional Dismissal between DisputeSuite.com, LLC, Credit Umbrella Inc. and Artashes Darbinyan a.k.a. Art Darbin. (Docket No. 40).

## II.   PROPER SERVICE

"Before a default can be entered, the court must have jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process." 10A Charles Alan Wright, Arthur R. Miller, *et al.*, *Federal Practice & Procedure* § 2682 (3d ed. rev. 2015) (footnotes omitted).

---

**CIVIL MINUTES—GENERAL**                                                2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 14-6340-MWF (MANx)                Date:  June 2, 2015
Title:     DisputeSuite.com, LLC -v- Credit Umbrella Inc., et al.

Federal Rule of Civil Procedure 4(h)(2) states that a foreign corporation served outside the United States must be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under 4(f)(2)(C)(i)." Under Rule 4(f)(1), an individual may be served in a foreign country "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." In the event "there is no internationally agreed means," an individual may be served in a foreign country "by a method that is reasonably calculated to give notice," including "as prescribed by the foreign country's law for service in that country in its courts of general jurisdiction," or "unless prohibited by the foreign country's law, by . . . using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt." Fed. R. Civ. P. 4(f)(2). Additionally, service can be effected outside the United States "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3).

### A.    Service Pursuant to Federal Rule of Civil Procedure 4(f)(3)

Plaintiff makes several arguments as to why service of Defendant was appropriate under Federal Rule of Civil Procedure 4(f)(3). (Response at 4-8). However, these arguments fail to take into account the fact that such alternate service methods require advance court approval. *See Rio Properties, Inc. v. Rio Int'l Interlink ("Rio")*, 284 F.3d 1007, 1014 (9th Cir. 2002) ("As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement."); *see also Brockmeyer v. May*, 383 F.3d 798, 806 (9th Cir. 2004) ("However, in *Rio* (and in all the cases it cites as applying Rule 4(f)(3)), plaintiffs are required to take a step that the plaintiffs in this case failed to take: They must obtain prior court approval for the alternative method of serving process. Rule 4(f)(3) thus is of no use to plaintiffs in this case.").

Here, the Court has not previously authorized any methods of service under Rule 4(f)(3). As such, Plaintiff's arguments justifying service under this section are unavailing. Even were this not the case, Plaintiff has made no effort to reconcile the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 14-6340-MWF (MANx)          Date:  June 2, 2015
Title:      DisputeSuite.com, LLC -v- Credit Umbrella Inc., et al.

propriety of allowing service through postal channels under Rule 4(f)(3) with Russia's objection to Article 10 of the Hague Convention (discussed below).

### B. Service Pursuant to Federal Rules of Civil Procedure 4(h)(1)(A) and 4(e)(1), and California Code of Civil Procedure section 416.10(b)

Plaintiff argues that "service was also effected pursuant to Rule 4(h)(1)(A), Rule 4(e)(1), and California Code of Civil Procedure section 416.10(b) when a copy of the complaint and summons were personally delivered to [ISSA]'s general manager of its San Francisco office, Mr. Bilyk."  (Response at 8).

"A foreign corporation . . . must be served 'in a judicial district of the United States: (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.'" *Khachatryan v. Toyota Motor Sales, U.S.A., Inc.*, 578 F. Supp. 2d 1224, 1226 (C.D. Cal. 2008) (quoting Fed. R. Civ. P. 4(h)(1)).  "Rule 4(e)(1) provides that process may be served in accordance with 'state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.'" *Id.* (quoting Fed. R. Civ. P. 4(e)(1)).  "The California Code of Civil Procedure provides that process may be served on a corporation 'by delivering a copy of the summons and the complaint . . . [t]o . . . a general manager, or person authorized by the corporation to receive service of process.'" *Id.* (quoting Cal. Code Civ. Proc. § 416.10(b)).

"A 'general manager' under the California statute has been interpreted to 'include[] any agent of the corporation of sufficient character and rank to make it reasonably certain that the defendant will be apprised of the service made.'" *Id.* (internal quotation marks and citations omitted).  For example, courts have found service on the manager of a corporation's regional office to be appropriate under this section. *See Gibble v. Car-Lene Research, Inc.*, 67 Cal. App. 4th 295, 302-03, 78 Cal. Rptr. 2d 892 (1998).  However, as Plaintiff points out, a general manager need not be an individual. *See Khachatryan*, 578 F. Supp. 2d at 1226-27 (holding that Toyota

---
**CIVIL MINUTES—GENERAL**                                                                 4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 14-6340-MWF (MANx)          **Date:** June 2, 2015
**Title:**     DisputeSuite.com, LLC -v- Credit Umbrella Inc., et al.

America, "the distributor of some Toyota vehicles, in certain geographic areas of the United States including . . . California" was "a 'general manager' for Toyota Japan within the meaning of section 416.10 of the California Code of Civil Procedure, so that . . . service on Toyota Japan by serving Toyota America was consistent with California law"); *Gray v. Mazda Motor of Am., Inc*., 560 F. Supp. 2d 928, 931 (C.D. Cal. 2008) (holding that Mazda America, "the distributor of Mazda motor vehicles in America," was "a 'general manager' for Mazda-Japan within the meaning of section 416.10 of the California Code of Civil Procedure, so that [the plaintiff] could serve Mazda-Japan consistent with California law by serving Mazda-America within the state").

       Plaintiff argues that Mr. Bilyk should be considered such a "general manager" because, although ISSA has "failed to designate an agent for service of process with the California Secretary of State[,] the designation of Mr. Bilyk in San Francisco as [ISSA]'s contact person in the United States is the next closest designation." (Response at 9). Plaintiff elaborates that "[a]s [ISSA]'s sole United States contact person, Mr. Bilyk is of sufficient character and rank to make it reasonably certain that [ISSA] would be apprised of the service made." (*Id*.). Moreover, Plaintiff states that "when Mr. Bilyk saw that the complaint named [ISSA], he accepted service of it." (*Id*. at 8-9 (citing Declaration of Jan B. Tucker in Support of Response to Order to Show Cause re: Request for Entry of Default ("Tucker Declaration") (Docket No. 37) ¶ 9)).

       Here, the name Viacheslav Bilyk is listed on the "Contacts" page for a San Francisco location of ISSA. *See Contacts*, ISS, https://www.issart.com/en/contact-us/info, last visited May 7, 2015. Moreover, Plaintiff contends that a background check revealed ISSA's United States contact person to be Mr. Bilyk. (Tucker Decl. ¶ 5, Ex. B at 3). Mr. Bilyk was personally served on the street provided for ISSA's San Francisco location, at a particular street address uncovered by Mr. Tucker's investigation. (Tucker Decl. ¶¶ 5, 8-9; Docket No. 35).

       However, the Court has not been provided with any details regarding Mr. Bilyk's position with ISSA, such as his rank. Moreover, although Plaintiff contends that Mr. Bilyk accepted service once he realized that the Complaint named ISSA as a defendant, there is no indication that this purported action was reflective of Mr. Bilyk's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 14-6340-MWF (MANx)         Date:  June 2, 2015
Title:     DisputeSuite.com, LLC -v- Credit Umbrella Inc., et al.

role at the company.  In sum, the Court is not confident that the service on Mr. Bilyk constituted service on a "general manager" for purposes of California Code of Civil Procedure section 416.10(b).

### C. Request for Leave to Serve ISSA via E-Mail

Plaintiff finally "seeks leave under Rule 4(f)(3) to re-serve [ISSA] via four e-mail addresses, as a back-up method to the other forms of service that have already been effected."  (Response at 10-11).

The Court recognizes that serving defendants in Russia may present some challenges.  As discussed by the Federal Circuit:

> The Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965 (Hague Service Convention), (1969) 20 U.S.T. 361, T.I.A.S. No. 6638, referenced in Rule 4(f)(1) above, is a multi-national treaty that governs service of summons on persons in signatory foreign countries.  *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698, 108 S.Ct. 2104, 100 L.Ed.2d 722 (1988).  Each member state must establish a "central authority" for receiving and processing requests for service upon defendants residing within the state.  *Id*. at 698–99, 108 S.Ct. 2104.  Once a central authority receives a request in the proper form, it must serve the documents by a method prescribed by the internal law of the receiving state or by a method designated by the requester and compatible with that law.  *Id*. at 699, 108 S.Ct. 2104.  A signatory to the Convention may also consent to other methods of service within its boundaries, *see* 20 U.S.T. 361, T.I.A.S. No. 6638, Arts. 8, 10, but the Russian Federation has objected to service under these provisions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 14-6340-MWF (MANx)	Date:  June 2, 2015
Title:	DisputeSuite.com, LLC -v- Credit Umbrella Inc., et al.

*Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1237 (Fed. Cir. 2010).  The means of service specified in Article 10 (to which Russia has objected) include service through "postal channels," judicial officers, officials, or other persons in the destination country.

Moreover, "[i]n July 2003, Russia unilaterally suspended all judicial cooperation with the United States in civil and commercial matters." *Russia Federation*, U.S. Department of State, http://travel.state.gov/content/travel/english/legal-considerations/judicial/country/russia-federation.html, last visited May 6, 2015. "[R]equests sent directly by litigants to the Russian Central Authority under the Hague Service Convention are returned unexecuted." *Id.  See also Nuance Commc'ns, Inc.,* 626 F.3d at 1237-38*; Arista Records LLC v. Media Servs. LLC*, No. 06 CIV. 15319NRB, 2008 WL 563470, at *2 (S.D.N.Y. Feb. 25, 2008) ("While the Russian Federation and the United States are parties to the Hague Service Convention, judicial cooperation between the two countries has been suspended since July, 2003.").

Consequently, courts have held that service need not "have been attempted under the Hague Convention before alternative service methods can be employed." *Nuance Commc'ns, Inc.,* 626 F.3d at 1238 (stating, while evaluating the propriety of allowing alternate service under Rule 4(f)(3) on a Russian entity, that "Rule 4 'was not intended to burden plaintiffs with the [S]isyphean task of attempting service through the Hague Convention procedures when a member state has categorically refused' to effect service.  Indeed, numerous courts have found alternate service methods appropriate without a prior attempt to serve through the Hague Convention." (citations omitted)).

As discussed above, Rule 4(f)(3) provides for alternate means of service, as ordered by the court, which are not prohibited by international agreement.  While there is some disagreement on this issue, numerous courts have held that service by e-mail does not violate the Hague Convention, even when the destination country has objected to service through postal channels under Article 10.  *See Williams-Sonoma, Inc. v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 14-6340-MWF (MANx)				Date:  June 2, 2015
Title:	DisputeSuite.com, LLC -v- Credit Umbrella Inc., et al.

*Friendfinder, Inc.*, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007) (authorizing service by e-mail, but not by international mail, for defendants in countries that objected to the means of service in Article 10); *Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011) ("Where a signatory nation has objected to only those means of service listed in Article [10], a court acting under Rule 4(f)(3) remains free to order alternative means of service that are not specifically referenced in Article [10]."); *F.T.C. v. Pecon Software Ltd.*, 2013 WL 4016272, at *3 (S.D.N.Y. Aug. 7, 2013) (finding that service by e-mail is "not among the means listed in Article 10," and therefore, not prohibited by the Hague Convention, even where the destination country has objected to those means of service listed in Article 10).  *But see Agha v. Jacobs*, 2008 WL 2051061, at *1-2 (N.D. Cal. May 13, 2008) (finding that service by e-mail and fax indistinguishable from service by "postal channels" and denying motion to serve German defendants by e-mail or fax based on Germany's objection to Article 10 of the Hague Convention).

     The Court has reviewed these non-binding cases and considered their reasoning. The better argument is that e-mail is sufficiently distinct from postal channels that the two should not be equated under the Hague Convention.  Moreover, the Court is not aware of any other international agreements with Russia prohibiting service via email.

     However, "[e]ven if facially permitted by Rule 4(f)(3), a method of service of process must also comport with constitutional notions of due process.  To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"  *Rio*, 284 F.3d at 1016 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

     The Ninth Circuit has "commit[ed] to the sound discretion of the district court the task of determining when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)."  *Rio*, 284 F.3d at 1016.  "Applying this proper construction of Rule 4(f)(3) and its predecessor, trial courts have authorized a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 14-6340-MWF (MANx)          Date:  June 2, 2015
Title:     DisputeSuite.com, LLC -v- Credit Umbrella Inc., et al.

wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." *Id*.

Here, Plaintiff observes that ISSA's "'Contacts' webpage lists four e-mail addresses through which to contact the company: (1) info@issart.com; (2) sf@issart.com: (3) hr@issart.com; and (4) krsk@issart.com.  (*See* https://www.issart.com/en/contact-us/info, last visited Feb. 11, 2015.)  For inquiries regarding working with the company, [ISSA] states to send a request via info@issart.com and it will respond within one day."  (Response at 10).  Plaintiff contends that ISSA "is an international software developer that does over 98% of its business with foreign customers," and thereafter extrapolates that "communication between [ISSA] and its clients would likely be handled primarily through e-mail." (*Id*. at 10-11 (citing Tucker Decl. ¶ 2)).  Finally, Plaintiff argues that "e-mail would be the most expedient method of serving [ISSA] and allowing the parties and the Court to move forward with the resolution of this case."  (*Id*. at 11).

In *Rio*, the plaintiff attempted to serve the defendant in the United States at an address the defendant (a Costa Rican entity) claimed in Miami, Florida, when it registered allegedly infringing domain names.  *Rio*, 284 F.3d at 1013.  However, that address housed only the defendant's international courier; nevertheless, that courier agreed it would forward the summons and complaint to the defendant's Costa Rican courier.  *Id*.  The plaintiff subsequently received a call from a Los Angeles attorney who had been consulted by the defendant and asked to be sent a copy of the complaint, though he declined to accept service for the defendant.  *Id*.  Having been thwarted in these attempts to serve the defendant in the United States, the plaintiff explored the possibility of service in Costa Rica but was unable to locate a street address for the defendant; however, the plaintiff did learn that the defendant preferred communication through a particular email address.  *Id*.  The district court ordered service of process via this email address, as well as through the mail to the international courier and Los Angeles attorney, pursuant to an emergency motion from the plaintiff.  *Id*.

___

**CIVIL MINUTES—GENERAL**                                                         9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 14-6340-MWF (MANx)     Date:  June 2, 2015
Title:     DisputeSuite.com, LLC -v- Credit Umbrella Inc., et al.

In evaluating the propriety of the district court's actions, the Ninth Circuit "conclude[d] that each alternative method of service of process ordered by the district court was constitutionally acceptable." *Id*. at 1017. Service through the international courier was appropriate because the "evidence indicate[d] that [the defendant] relied heavily upon [the courier] to operate its business in the United States and that [the courier] could effectively pass information to [the defendant] in Costa Rica." *Id*. Similarly, service on the Los Angeles attorney was appropriate because "he had been specifically consulted by [the defendant] regarding this lawsuit," "knew of [the defendant's] legal positions," and apparently "was in contact with [the defendant] in Costa Rica." *Id*. Finally, as to the email service, the court noted that the defendant "had neither an office nor a door; it had only a computer terminal." *Id*. at 1018. Therefore, "[i]f any method of communication [was] reasonably calculated to provide [the defendant] with notice, surely it [was] email." *Id*. However, the court noted that it "leave[s] it to the discretion of the district court to balance the limitations of email service against its benefits in any particular case." *Id*.

Here, Plaintiff has plainly made several attempts to serve ISSA. Plaintiff has sent the Complaint and summons via registered mail to each of the three Russian offices listed on ISSA's website, two of which returned receipts acknowledging the delivery. Moreover, Plaintiff personally served an individual believed to be ISSA's United States contact. Admittedly, these attempts individually, and under the provisions Plaintiff attempts to use as justification, may not have been proper. However, the Court rules that, under the facts of this case, service via the email addresses listed would be "reasonably calculated, under all the circumstances, to apprise [ISSA] of the pendency of the action and afford [it] an opportunity to present their objections."

The Court recognizes that there have been no representations of prior contact between Plaintiff and ISSA representatives through these email addresses. However, under the circumstances, including the fact that these email addresses are provided by ISSA itself on its website for, *inter alia*, "collaboration inquiries," the Court concludes that service through these email addresses is reasonable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 14-6340-MWF (MANx)        **Date:** June 2, 2015

**Title:**     DisputeSuite.com, LLC -*v*- Credit Umbrella Inc., et al.

### III. CONCLUSION

The Court **DENIES** the Request.

However, pursuant to Rule 4(f)(3), the Court does approve and **ORDERS** service of ISSA through the four email addresses provided in the Response ((1) info@issart.com; (2) sf@issart.com: (3) hr@issart.com; and (4) krsk@issart.com), in addition to the service efforts already undertaken. Service shall be effected on or before **June 15, 2015**.

IT IS SO ORDERED.